James H. SANDERS, an Oregon resident, Plaintiff,

v.

CANAL INSURANCE COMPANY, a South Carolina corporation, Defendant.

Civil No. 95–1002–FR.

United States District Court, D. Oregon.

May 1, 1996.

Neil W. Jackson, Neil Jackson & Partners, Portland, Oregon, for Plaintiff.

Robert S. Perkins, Cooney & Crew, P.C., Portland, Oregon, for Defendant.

## OPINION

FRYE, District Judge:

The matters before the court are 1) the defendant's second motion for a protective order (# 33); and 2) the defendant's motion to compel plaintiff's answers to interrogatories and response to request for production (# 36).

## BACKGROUND

On October 26, 1992 and again on November 13, 1992, W. Carleton Dunn, a representative of the defendant, Canal Insurance Company (Canal Insurance), received requests from the Commissioner of Insurance of the State of Louisiana to assist in an investigation of consumer complaints. The focus of the investigation was the plaintiff, James H. Sanders, as well as Shippers Dispatch, Robert Wright, and the Home International Reinsurance Co., Ltd. The Louisiana Department of Insurance asked Dunn to deliver the requested information when the fraud unit of the Louisiana Department of Insurance met with the United States Attorney, the Federal Bureau of Investigation, and representatives of other insurance companies. With statutory immunity from civil suit for libel or slander for any information that he might provide to the Louisiana Department of Insurance, Dunn prepared a file of the requested information and delivered it to the Louisiana Department of Insurance at the meeting.

On June 2, 1995, Sanders filed this action alleging claims for libel and negligence against Canal Insurance. Sanders, an administrative contractor for various transportation-related companies, alleges that Canal Insurance distributed false and defamatory documents within the insurance industry which brought him into disrepute in the insurance and trucking industries.

Canal Insurance has filed a motion for summary judgment, which is supported by an affidavit of Dunn. Dunn denies that he delivered the documents at issue to other insurance companies. The motion for summary judgment has been reset to allow Sanders to depose Dunn. In preparation for the taking of Dunn's deposition, Sanders has filed interrogatories and a request for the production of documents which relate to the communications that Canal Insurance had with other insurance companies regarding Sanders, Shippers Dispatch, and Home International Reinsurance Co., Ltd.

Canal Insurance moves the court for the following: (1) a protective order limiting the discovery that it must provide; and (2) an order compelling Sanders to answer interrogatories and produce documents.

## ANALYSIS AND RULING

### I. *Canal Insurance's Second Motion for a Protective Order*

Canal Insurance seeks an order protecting it from being required to disclose the identities of those employees who met with law enforcement and government insurance fraud investigators; protecting it from being required to produce an investigation file consisting of "work product" documents including interoffice memoranda prepared in anticipation of litigation with Sanders and other entities and individuals that was delivered to the Commissioner of Insurance of the State of Louisiana pursuant to written requests and a grant of immunity and confidentiality under R.S. 22:1246 and R.S. 22:1247 of the laws of the State of Louisiana; and protecting it from being required to produce interoffice memoranda, notes, correspondence with attorneys, and records obtained in anticipation of litigation against Sanders, Shippers Dispatch, its known in-house carriers, and Home International Reinsurance Co., Ltd.

Canal Insurance makes this motion for a protective order on the following grounds: (a) that disclosure of matter relating to these investigations is protected by statute; (b) that disclosure of matter relating to these investigations is protected by informer and investigative privileges; and (c) that disclosure of the work product of its own investigation of Sanders, Shippers Dispatch, and Home International Reinsurance Co., Ltd. is protected by the attorney-client privilege because it was prepared in anticipation of litigation.

### A. *Statutory Prohibitions on Disclosure of Documents*

Canal Insurance contends that R.S. 22:1246 of the Louisiana statutes prohibits public inspection of paper, documents, reports or evidence relative to the subject of an investigation by the Louisiana Department of Insurance and that R.S. 22:1247, which provides a grant of immunity from civil suit for libel or slander to insurers submitting such

information to the Department of Insurance in the State of Louisiana, prohibits disclosure of the requested documents.

■ Sanders contends that he has not alleged a claim of libel or slander against Canal Insurance with regard to any information that Canal Insurance may have provided to the Louisiana Department of Insurance, and therefore R.S. 22:1247 is not applicable. Sanders contends that he has alleged that Canal Insurance published to other insurance companies statements that defamed Sanders. Sanders also contends that R.S. 22:1246 only protects the papers, documents, reports or evidence relative to the subject of an investigation in the possession of the Louisiana Department of Insurance and the documents sought by Sanders are in the possession of Canal Insurance, not the Louisiana Department of Insurance. Sanders also contends that, if the court adopts the interpretation of Canal Insurance regarding R.S. 22:1246, any party to any insurance-related lawsuit can evade discovery by sending copies of requested documents that it does not want to produce to the Louisiana Department of Insurance.

R.S. 22:1246B of the Louisiana Insurance Fraud statutes provides, in relevant part:

> The section [of insurance fraud's] papers, documents, reports, or evidence relative to the subject of an investigation under this Part shall not be subject to public inspection for so long as the section deems reasonably necessary to complete the investigation.... Further, such papers, documents, reports, or evidence relative to the subject of investigation under this Section shall not be subject to subpoena until opened for public inspection by the section, unless the section consents....

Appendix A to Defendant's Second Motion for a Protective Order, pp. 1–2.

R.S. 22:1246 applies only to papers, documents or other evidence in the possession of the fraud section of the Louisiana Department of Insurance. Canal Insurance is not protected by R.S. 22:1246 from disclosing documents to Sanders, even though copies of those documents were submitted to law enforcement and to the Louisiana Department of Insurance.

■ R.S. 22:1247A provides, in relevant part:

> No insurer, employees, or agents of any insurer, or any other person acting without malice, fraudulent intent, or bad faith, shall be subject to civil liability for libel, slander, or any other relevant tort, and no civil cause of action of any nature shall exist against such person or entity by virtue of the filing of reports or furnishing other information, either orally or in writing, concerning suspected, anticipated, or completed fraudulent insurance acts when such reports or information are required by this Part or required by the section of insurance fraud as a result of the authority herein granted or when such reports or information are provided to or received from:
>
> (1) Law enforcement officials, their agents, and employees.
>
> (2) The National Association of Insurance Commissioners, the state Department of Insurance....

Appendix A to Defendant's Second Motion for a Protective Order, p. 2.

R.S. 22:1247A protects an insurance company from suit for libel or slander or any other relevant tort for supplying information to the Louisiana Department of Insurance regarding insurance fraud when that information was required to be furnished to the Department of Insurance. R.S. 22:1247A does not prohibit an insurance company from disclosing to others the information that it has provided to the Department of Insurance regarding suspected fraudulent insurance acts.

### B. *Privilege*

Canal Insurance contends that it has an "informer's privilege" and/or an "investigative privilege" to withhold the identities of informers and the content of evidence turned over to state and federal agencies under a statutory grant of immunity.

Sanders contends that an informer's privilege is "the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law

to officers charged with enforcement of that law." *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 627, 1 L.Ed.2d 639 (1957). Sanders argues that because Canal Insurance is not a government agency, it is not entitled to claim an investigative privilege.

█ Only the government may claim a privilege to withhold the identities of citizens who communicate knowledge of the commission of crimes to law enforcement. *Id.* Canal Insurance is not a government agency; therefore, it may not claim an informer's privilege.

█ Canal Insurance next contends that it has an "investigative privilege" to withhold the identities of informers and the content of evidence turned over to state and federal agencies under a statutory grant of immunity. An investigative privilege is a qualified common law privilege of the government, the purpose of which is to prevent " 'the harm to law enforcement efforts which might arise from public disclosure of ... investigatory files.' " *Raphael v. Aetna Casualty and Surety Co.,* 744 F.Supp. 71, 74 (S.D.N.Y. 1990) (quoting *Black v. Sheraton Corp.,* 564 F.2d 531, 541 (D.C.Cir.1977)). Canal Insurance is not entitled to claim an investigative privilege because it is not an agency of the government.

### C. *Work Product Privilege*

Canal Insurance contends that Sanders' Request No. 1 and his interrogatory requests, which seek disclosure of facts and documents that relate to communications with other insurance carriers regarding Sanders and others, will require the production of an investigative file compiled by Dunn in preparation for litigation with Sanders. Canal Insurance argues that Sanders should, therefore, be required by the court to demonstrate a need for the work product sought by his request. Canal Insurance has provided the court and Sanders with a table of contents for the file which Canal Insurance contends is six inches thick. Canal Insurance does not oppose an *in camera* review by the court of the file. Canal Insurance has also volunteered to provide a detailed description of the documents.

Sanders contends that the attorney-client privilege does not apply to many of the documents in the file of Canal Insurance, arguing that these documents were prepared in the ordinary course of business, not in anticipation of litigation.

█ The attorney work product privilege attaches to documents prepared in anticipation of litigation by a party or his representative. *Hickman v. Taylor,* 329 U.S. 495, 511–12, 67 S.Ct. 385, 393–94, 91 L.Ed. 451 (1947); Fed.R.Civ.P. 26(b)(3). The work product privilege is not intended to protect from general discovery materials prepared in the ordinary course of business. *Hardy v. New York News, Inc.,* 114 F.R.D. 633 (S.D.N.Y.1987). Canal Insurance has submitted the affidavit of Dunn. Dunn states that the file was created in anticipation of litigation. Since Canal Insurance does not contend that each document within the file was created in anticipation of litigation, Canal Insurance shall produce those documents in the file that were prepared in the ordinary course of business. Canal Insurance need not produce documents prepared in anticipation of litigation.

### II. *Canal Insurance's Motion to Compel Answers and Documents*

Canal Insurance moves the court to compel Sanders to answer its interrogatories and to respond to its requests for production. Sanders has not responded to this motion; however, after this motion was filed, Sanders submitted responses to the remainder of Canal Insurance's first set of interrogatories and requests for production. Sanders has stated that he was unable to locate documents in response to Requests Nos. 2 and 4.

In Request No. 2, Canal Insurance seeks: [c]opies of all documents that evidence plaintiff's purchase of liability insurance policies (including coverage for additional named insureds under previous policies) from Home International, Home Insurance Company, Ltd., Home Insurance Co. (DVD), or Home International Reinsurance Company, Ltd., (BVI) (hereinafter collectively referred to in this and all subsequent interrogatories as "Home In-

surance"), including copies of all correspondence between plaintiff and Home Insurance, and copies of any canceled checks or other record of payment of premiums to any of these companies or Commercial Insurance Agency.

Defendant's First Request for Production to Plaintiff, pp. 3–4 (attached as Exhibit 2 to the Affidavit of Robert S. Perkins in Support of Motion to Compel).

Sanders has responded to Request No. 2 by producing two Home Insurance policies. Sanders has stated that other policies and canceled checks exist, but that he has not been able to locate them.

In Request No. 4, Canal Insurance seeks:

[c]opies of any and all documents containing communications between plaintiff (or any company that plaintiff has served as registered agent, attorney in fact, shareholder, director, officer, or employee for) and any of the companies or individuals referenced in Exhibit A and B of plaintiff's First Amended Complaint.

*Id.* at 4.

Sanders has responded to Request No. 4 by stating that he is unable to locate any such documents.

Canal Insurance argues that in his answers to interrogatories, Sanders describes his involvement in a variety of on-going business entities and activities related to the issue of damages in this matter. Canal Insurance contends that it is inconceivable that Sanders is unable to find any of the documents that Canal Insurance has requested, especially documents relating to "a business that [Sanders] claims to have generated gross revenues in sums of $120,000 to $700,000 per month." Supplemental Affidavit of Robert S. Perkins in Support of Motion to Compel, p. 2.

Sanders shall produce any and all documents responsive to requests for production Nos. 2 and 4.

## CONCLUSION

Canal Insurance's second motion for a protective order (# 33) is denied; and Canal Insurance's motion to compel plaintiff's answers to interrogatories and response to request for production (# 36) is granted.